UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA CRIMES,

                    Plaintiff,

                                                                                        Case # 15-CV-308-FPG

v.

                                                                                           DECISION & ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.
_____

## INTRODUCTION

Plaintiff Cynthia Crimes ("Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). ECF No. 1. The Court has jurisdiction over this matter under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 8, 10. For the reasons stated below, Plaintiff's Motion (ECF No. 8) is DENIED and the Commissioner's Motion (ECF No. 10) is GRANTED.

## BACKGROUND

Plaintiff protectively filed an application for DIB on October 5, 2011 and an application for SSI on October 28, 2011. Tr.[1] 20. In both applications, Plaintiff alleges disability since January 1, 2008 due to a learning disability, a back injury, and disc pain. Tr. 194. After these applications were denied, a hearing was held via videoconference before Administrative Law Judge Curtis Axelsen ("the ALJ") on May 7, 2013. Tr. 53-87. At the hearing, Plaintiff appeared

---

[1]     References to "Tr." are to the administrative record in this matter.

with her attorney and testified. *Id.* On August 12, 2013, after considering Plaintiff's applications *de novo*, the ALJ issued a decision finding that Plaintiff is not disabled within the meaning of the Act. Tr. 17-33. That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 9, 2015. Tr. 1-6. Plaintiff then filed this civil action. ECF No. 1.

## LEGAL STANDARDS

### I. Disability Determination

The Act defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d), 1382c(a)(3)(A). Social Security Administration ("SSA") regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act. 20 C.F.R. §§ 404.1520, 416.920.

First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled. *Id.* If the claimant does, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 404.1509) is satisfied, then the claimant is disabled. 20 C.F.R. § 404.1520(d). If it does not, the

ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is an assessment of what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC is then used at steps four and five. 20 C.F.R. § 404.1520(e).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform his or her past relevant work, the claimant is not disabled. *Id.* If he or she cannot, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 404.1520(g). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

II.    **District Court Review**

District Court review of the Commissioner's decision is not *de novo*. *See, e.g., Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The Commissioner's decision may only be set aside if it is not supported by "substantial evidence" or is the product of legal error. *See, e.g., Miller v. Colvin*, 85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

### I. The ALJ's Decision

In this case, the ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2008, her alleged onset date. Tr. 23. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: "status post laminectomy (2009), cervical disc disease, obesity, depression, and learning disorder." *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment in the Listings. Tr. 23-25.

The ALJ then determined that Plaintiff retains the RFC to perform the full range of sedentary work[2] but with the additional limitation that "she can perform two- and three-step tasks with only occasional interaction with the public." Tr. 25.

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a machine operator. Tr. 31; *see* Tr. 177-179.

At step five, the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2 to determine that Plaintiff is capable of making an adjustment to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 32. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Act. *Id.*

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

**II.     Plaintiff's Challenge to the ALJ's Decision**

Plaintiff argues that remand is warranted because the ALJ erred in evaluating the opinions of two consultative examiners, Harbinder Toor, M.D. ("Dr. Toor") and Kavitha Finnity, Ph.D. ("Dr. Finnity"), when determining Plaintiff's RFC. ECF No. 8-1.

SSA regulations require the ALJ to evaluate every medical opinion in the record, regardless of its source. 20 C.F.R. § 404.1527(c). When determining how much weight a given medical opinion should receive, the ALJ must consider the following factors: (1) whether the source of the opinion has examined the claimant; (2) the length, frequency, and nature of the treatment relationship; (3) whether the medical source presents relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether the medical source is a specialist; and (6) other relevant factors brought to the ALJ's attention. *Id.*

An ALJ's decision regarding the claimant's RFC must be supported by substantial evidence but need not necessarily track any one particular medical opinion. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014); *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

With respect to both Dr. Toor and Dr. Finnity, Plaintiff's argument fails because the ALJ properly considered their medical opinions and rendered an RFC that is supported by substantial evidence in the record.

### A. Dr. Toor

Dr. Toor examined Plaintiff and provided the following medical source statement: "[Plaintiff] has moderate limitation to standing, walking, bending and lifting. She has mild to moderate limitation for sitting for a long time. She can be evaluated by a psychologist. No other medical limitation is suggested." Tr. 334. The ALJ assigned "great weight" to Dr. Toor's opinion "because it is supported by his clinical observations and the evidence as a whole." Tr. 28.

Plaintiff argues that assigning "great weight" to Dr. Toor's opinion is inconsistent with the ALJ's conclusion that Plaintiff retains the RFC to perform sedentary work without any additional exertional limitations. ECF No. 8-1, at 16-19. The ALJ was therefore required, Plaintiff argues, to either incorporate additional sitting and standing limitations into the RFC or explain why no such limitations were warranted despite Dr. Toor's opinion. *Id.*

Dr. Toor's opinion, however, is not necessarily inconsistent with the RFC. In fact, "several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant has moderate difficulties in prolonged sitting or standing." *Carroll v. Colvin*, No. 13-CV-456, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014). At most, then, it is ambiguous whether Dr. Toor opined that Plaintiff could perform the full range of sedentary work or whether Dr. Toor opined that Plaintiff would need additional accommodations.

Had Dr. Toor's opinion been the only medical opinion in the record on this subject, Plaintiff is correct that the ALJ would be required to explain in his decision how he resolved that ambiguity to determine Plaintiff's RFC. *Toomey v. Colvin*, No. 15-CV-730-FPG, 2016 WL 3766426, at *4 (W.D.N.Y. July 11, 2016). But this is not that case. Here, the ALJ also discussed the opinion of state agency medical consultant Jose Ruiz, M.D. ("Dr. Ruiz"). Tr. 28.

6

Dr. Ruiz reviewed Plaintiff's medical records and concluded that Plaintiff could sit for about 6 hours in an 8-hour workday, stand and/or walk for 6 hours in an 8-hour workday, occasionally lift up to 20 pounds, frequently lift 10 pounds, and do unlimited pushing and pulling. Tr. 374. The ALJ assigned "significant weight" to Dr. Ruiz's opinion "because it is well-supported by the evidence as a whole" and noted that Dr. Ruiz's opinion is consistent with sedentary work. Tr. 28.

In light of Dr. Ruiz's opinion—and, in particular, the ALJ's discussion of that opinion in his decision—this is not a situation where the Court is left guessing about how the ALJ determined Plaintiff's RFC. On the contrary, it is clear to the Court that the ALJ simply viewed Dr. Toor's assessment of "moderate" and "mild to moderate" limitations as consistent with Dr. Ruiz's opinion that Plaintiff could perform sedentary work. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (noting that when the record permits a reviewing court to "glean the rationale of an ALJ's decision, we do not require that [the ALJ] have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability"). Therefore, although Plaintiff correctly points out that Dr. Toor's opinion could also be interpreted as being *inconsistent* with Dr. Ruiz's opinion, the Court cannot say that the ALJ erred by resolving that ambiguity the way he did. *McIntyre*, 758 F.3d at 149 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

**B.     Dr. Finnity**

Dr. Finnity conducted a psychological consultative examination of Plaintiff and rendered the following medical source statement: "[Plaintiff] can follow and understand simple directions and perform simple tasks. She can maintain attention and concentration and a regular schedule. She can learn new tasks and perform complex tasks. She can make appropriate decisions. She is

7

having some difficulty relating with others and dealing with stress." Tr. 330. In addition, Dr. Finnity noted that "[t]he results of the evaluation appear to be consistent with allegations." *Id.* The ALJ gave "great weight" to Dr. Finnity's opinion "because of Dr. Finnity's practice specialty, the support that her clinical observations lent to this opinion, and the support lent to this opinion by the evidence as a whole." Tr. 29.

Plaintiff argues that the ALJ erred by assigning great weight to Dr. Finnity's opinion and then making an RFC determination that is inconsistent with that opinion. ECF No. 8-1, 19-21. Again, however, Plaintiff's argument fails because the RFC is not necessarily inconsistent with Dr. Finnity's opinion. In fact, the RFC appears to directly account for the non-exertional limitations listed in Dr. Finnity's report. Dr. Finnity's opinion that Plaintiff "is having some difficulty relating with others" is accounted for in the RFC, which limits Plaintiff to only occasional interaction with the public. Tr. 25. The ALJ also concluded that Plaintiff should be limited to two- and three-step tasks, which coincides with Dr. Finnity's opinion that Plaintiff has some difficulty dealing with stress. *Id.*

Plaintiff argues that Dr. Finnity's opinion conveyed much greater limitations than what are reflected in the RFC. ECF No. 8-1, 19-21. In particular, Plaintiff points to Dr. Finnity's statement that "[t]he results of the evaluation appear to be consistent with allegations." *Id.* (citing Tr. 330). But it is the ALJ's role, not the role of a reviewing court, to resolve ambiguities in the medical evidence. *McIntyre*, 758 F.3d at 149 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

Furthermore, it is again important to note that Dr. Finnity's opinion was not the only evidence in the record regarding Plaintiff's mental capabilities. The ALJ also discussed evidence as to Plaintiff's mental impairments from the following sources: Julie B. Canton, Ph.D., who performed an initial evaluation of Plaintiff; Martha J. Totin, Ph.D., a state agency psychological

reviewer who analyzed Plaintiff's medical records and rendered an opinion regarding her functional capacity; Plaintiff's social worker Sherianne Buehler, LMSW; and psychiatric nurse practitioner Katherine Rowles, PMHNP. Tr. 28-29. These sources indicated that Plaintiff's depression and learning disorder cause only moderate limitations in Plaintiff's ability to function. *Id.* In light of the ALJ's discussion of this evidence, it is clear to the Court that the ALJ resolved the ambiguities in Dr. Finnity's opinion by concluding that Plaintiff could perform sedentary work as long as that work entailed "two- and three-step tasks with only occasional interaction with the public." Tr. 25. Although there were other tenable ways to interpret Dr. Finnity's opinion, the Court cannot conclude that the ALJ erred as a matter of law or that he arrived at an RFC determination that is not supported by substantial evidence. *Burgess*, 537 F.3d at 127 ("A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error.") (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Therefore, the ALJ's decision must be upheld. *Id.*

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 3, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court